UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANIKA S. LEGGINS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:22-cv-03137 |
| AARC, LLC d/b/a ADVANCE AMERICA, CASH ADVANCE CENTERS OF ILLINOIS, INC. d/b/a ADVANCE AMERICA, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ANIKA S. LEGGINS ("Plaintiff"), by and through the undersigned, complaining as to the conduct of AARC, LLC d/b/a ADVANCE AMERICA, CASH ADVANCE CENTERS OF ILLINOIS, INC. d/b/a ADVANCE AMERICA ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.,* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age, residing in Lansing, Illinois, which lies within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 135 North Church Street, Spartanburg, South Carolina 49306. Defendant is engaged in the business of offering loans and lines of credit to consumers, and in connection therewith, collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the county, including consumers located in the state of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. Approximately a year ago, Plaintiff obtained a loan from Defendant for about $265 ("subject consumer debt") that was used for personal, family, and household purposes.

10. Within a few months of obtaining the subject consumer debt, Plaintiff experienced unforeseen financial hardships and began falling behind on her payments for the subject consumer debt.

11. Defendant immediately began calling Plaintiff on her cellular telephone number, (708) XXX-2165, seeking collection of payments for the subject consumer debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in -2165. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

13. Defendant has used various phone numbers when placing these calls to Plaintiff's cellular phone, including, but not limited to, (866) 682-2956, (219) 933-3067, (502) 251-3102, (502) 251-1965, and (502) 251-3426.

14. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers during its debt collection activities.

15. Upon answering phone calls from Defendant, Plaintiff experienced a significant pause, lasting several seconds in length, before she was greeted either by pre-recorded messages asking her to wait until a representative came on the line or by an actual representative that did come on the line.

16. In response to the numerous collection calls, Plaintiff demanded, numerous times, that Defendant cease placing calls to her cellular phone.

17. However, Defendant disregarded Plaintiff's demand and continued placing calls to her cellular phone.

18. Defendant's continued communications to Plaintiff's cellular phone following her request that Defendant's phone calls cease often resulted in Defendant leaving Plaintiff prerecorded messages attempting to collect upon the subject debt.

19. Defendant has frequently placed multiple calls per day to Plaintiff's cellular phone.

20. Defendant has also placed calls to Plaintiff's cellular phone during the weekend while continuing its harassing collection campaign.

21. Defendant has placed dozens of phone calls to Plaintiff's cellular phone, including leaving numerous prerecorded voicemail messages, notwithstanding Plaintiff's repeated demands that such phone calls cease.

22. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights, exhausting time, money, and resources.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, being subjected to harassing and unfair collection efforts, and numerous violations of her state and federally protected interests to be free from unwanted and unfair telephonic communications.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using pre-recorded messages without their consent.

27. Defendant's utilization of prerecorded messages brings its conduct within the ambit of the TCPA. Defendant caused Plaintiff to experience prerecorded voice messages on calls Plaintiff answered, as well as leaving Plaintiff prerecorded voicemail messages on Plaintiff's cellular phone.

28. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using pre-recorded messages without her consent. Shortly after Plaintiff obtained the

subject consumer debt from Defendant she withdrew her consent to receive such calls, if consent had ever been given, by way of demanding all calls cease.

29. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.

31. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANIKA S. LEGGINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C); in addition to damages under 47 U.S.C. § 227(d)(3)(A)(1).

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

34. Defendant's services constitute "merchandise" as defined by 815 ILCS 505/1(b).

35. At all relevant times Defendant was engaged in "trade" and "commerce" as defined by 815 ILCS 505/1(f).

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 through the unfair and deceptive nature of its conduct in relation to Plaintiff. It was unfair for Defendant to harass Plaintiff with telephone calls, sometimes multiple times a day, in regards to her being late on the subject consumer debt.

38. Defendant further violated 815 ILCS 505/2 by making numerous telephone calls to Plaintiff after she demanded that they not call her.

39. Moreover, Defendant violated 815 ILCS 505/2 by using prerecorded messages to contact Plaintiff, despite her demand that Defendant not call her at all.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. Plaintiffs have suffered significant actual damages resulting from Defendant's unlawful practices, including both out of pocket expenses, as well as emotional pain and suffering.

6

43. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant's complete lack of regard for Plaintiff's rightful demands that she not be called, Defendant's outrageous number of calls, and Defendant's use of prerecorded messages placed by an automatic telephone dialing system support an award for such damages. Defendant's conduct must be deterred and an award of punitive damages is appropriate under the circumstances.

WHEREFORE, Plaintiff, ANIKA S. LEGGINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages in an amount to be determined at trial as provided under 815 ILCS 505/10a(a);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 815 ILCS 505/10a(c);

d. Enjoining Defendant from further violations of law; and,

e. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

Dated: June 15, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com